UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:22-cr-21-BJD-MCR

  18 U.S.C. § 922(g)(1)

TERRY LANARD SHIPMAN

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about February 5, 2022, in the Middle District of Florida, the defendant,

TERRY LANARD SHIPMAN,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Aggravated Battery, (Count One), on or about May 27, 1992, in Case No. 92-00300, Fourth Judicial Circuit Court, Duval County, Florida;

2. Armed Robbery (Count One), Aggravated Battery (Count Two), Armed Robbery (Count Three), Aggravated Battery (Count Four), and Resisting an Officer with Violence (Count Six), on or about June 19, 1995, in Case No. 94-12739, Fourth Judicial Circuit Court, Duval County, Florida;

3. Sale of Cannabis, (Count One) and Sale of Cannabis (Count Two), on or about June 8, 2011, in Case No. 2011CF004264, Fourth Judicial Circuit Court, Duval County, Florida; and

4. Possession of a Controlled Substance, (Count One), on or about January 20, 2021, in Case No. 2020CF006343, Fourth Judicial Circuit, Duval County, Florida;

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Smith and Wesson .38 caliber revolver.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: a Smith and Wesson .38 caliber revolver.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
JOHN CANNIZZARO
Assistant United States Attorney

By: _____
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

3

FORM OBD-34
2/22/22 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

TERRY LANARD SHIPMAN

INDICTMENT

Violations: 18 U.S.C. § 922(g)(1)

A true bill,

_____
Foreperson

Filed in open court this 23rd day

of February, 2022.

_____
Clerk

Bail   $_____

GPO 863 525